IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **DANITA HOLYFIELD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 1:10-0949 |
| ) | |
| **MYRON BATTS, Warden,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 21, 2010, Petitioner, acting *pro se*,[1] filed her Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the Bureau of Prisons improperly dismissed her from the Residential Drug Abuse Program [RDAP]. (Id., p. 1.) Petitioner complains that she was dismissed from RDAP "within 41 days of graduation without a hearing on the merits and information obtained to dismiss was later found fraudulent." (Id.) Petitioner requests that the Court "release petitioner to continue the last component of RDAP placement which required 6 months of rehabilitation efforts in a Community Correction Center." (Id., p. 2.)

**DISCUSSION**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences,[2] and therefore, her Section 2241 Application must be dismissed.[3] See e.g.,

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 24, 2011.

[3] The undersigned further notes that federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

---

of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *see also, Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); *see also Lopez v. Davis*, 531 U.S. 230, 232, 121 S.Ct. 714, 718, 148 L.Ed.2d 635 (2001). The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program. *See Lopez*, 531 U.S. at 240, 121 S.Ct. at 721(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). *See Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999). Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. *See Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 23, 2013.

R. Clarke VanDervort
United States Magistrate Judge